IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Juan Cervantes and Marina Cervantes,

    Plaintiffs,

v.

Southern Demolition, LLC d/b/a
Southern Demolition and
Environmental; Nest Properties, Inc.
d/b/a The Deconstructed House;
and Gina Cambardella Ragsdale,

    Defendants.

Civil Action No.

**JURY TRIAL DEMANDED**

_____

## COMPLAINT

COME NOW Plaintiffs Juan Cervantes ("Mr. Cervantes") and Marina Cervantes ("Mrs. Cervantes")(hereinafter collectively "Plaintiffs"), by and though undersigned counsel, and file this lawsuit against Defendants Southern Demolition, LLC d/b/a Southern Demolition and Environmental ("Southern Demolition"), Nest Properties, Inc. d/b/a The Deconstructed House ("Nest Properties"), and Gina Cambardella Ragsdale ("Ragsdale") (hereinafter collectively "Defendants"), for violations arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 - 217 ("FLSA").

## NATURE OF COMPLAINT

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiffs in violation of the FLSA; and lost wages, lost fringe benefits of employment, compensatory and punitive damages, and attorneys' fees and all other costs of litigation pursuant to 29 U.S.C. § 216(b), for retaliation for asserting their rights under the FLSA.

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

- 2 -.

Defendant Southern Demolition is a Georgia corporation and resides in this judicial District. Defendant Southern Demolition's corporate office is located at 2031 Bolton Road, Atlanta, Georgia 30318. Defendant Southern Demolition does business in and is engaged in commerce in the State of Georgia.

- 3 -.

Defendant Nest Properties is a Georgia Corporation and resides in this judicial District. Defendant Nest Properties does business in and is engaged in commerce in the State of Georgia. Defendant Ragsdale resides in this judicial District.

4.

Defendants are subject to the jurisdiction of this Court.

5.

Plaintiffs reside in this judicial District. Plaintiffs submit to the jurisdiction of this Court.

6.

Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial District and the events and omissions that give rise to Plaintiffs' claims occurred in this judicial District.

7.

This action properly lies in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(c) because the Defendants are located in and are conducting business in this judicial District.

## PARTIES

8.

Plaintiff Juan Cervantes was at all times relevant to this action an "employee" of Defendants as defined by the FLSA.

9.

Plaintiff Marina Cervantes was at all times relevant to this action an "employee" of Defendants as defined by the FLSA

10.

Defendant Southern Demolition is a full service demolition contractor that performs residential and commercial demolition, asbestos inspections, asbestos abatement and removal, deconstruction and related services.

11.

Defendant Southern Demolition may be served with process by delivering a copy of the Complaint and summons to its registered agent, Gina Cambardella Ragsdale, at 2497 Edwards Drive, Atlanta, Georgia 30318.

12.

Defendant Southern Demolition is a government contractor, and is recognized as a Disadvantaged Business Enterprise (DBE) and/or Female Business Enterprise (FBE) by several government entities.

13.

As a government contractor, DBE and FBE, Defendant Southern Demolition must comply with federal and state laws, including the FLSA.

14.

Defendant Southern Demolition is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Defendant Southern Demolition is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant Nest Properties is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

17.

Defendant Nest Properties is an "employer" within the definition of FLSA, 29 U.S.C. §203(d).

18.

Defendant Nest may be served with process by delivering a copy of the Complaint and summons to its registered agent, Gina Cambardella Ragsdale, at 2497 Edwards Drive, Atlanta, Georgia 30318.

19.

Defendant Gina Cambardella Ragsdale ("Ragsdale") is the Chief Executive Officer of Defendant Nest Properties and the President of Defendant Southern Demolition.

20.

Defendant Ragsdale is a private employer engaged in interstate commerce, and her gross revenues exceed $500,000 per year. Defendant Ragsdale is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

21

Defendants Southern Demolition, Nest Property and Gina Cambardella Ragsdale were joint employers of Plaintiffs.

22.

Defendant Southern Demolition is governed by and subject to the FLSA.

23.

Defendant Nest Properties is governed by and subject to the FLSA.

24.

Defendant Ragsdale is governed by and subject to the FLSA.

Factual Allegations

25.

Mr. Cervantes began his employment with Defendants in 2008.

26.

Mrs. Cervantes began her employment with Defendants in 2011.

27.

Plaintiffs were hired as "workers" responsible for, among other things, performing manual labor on Defendants' demolition projects, including conducting asbestos removal on residential properties in the metropolitan Atlanta area.

28.

In addition to his demolition and asbestos removal duties, Mr. Cervantes was responsible on a daily basis for driving the workers on his team to and from the job site, as each team worked together on a single job site.

29.

On a daily basis, Mr. Cervantes kept track of the hours each of the team members worked. On a weekly basis, employees on Mr. Cervantes's team reported their hours of work to Mr. Cervantes, who confirmed the hours and in turn, electronically reported the hours to Defendants using his company-issued phone.

30.

Throughout Plaintiffs' employment, Defendants treated Plaintiffs as non-exempt from the overtime requirements of the FLSA.

31.

As non-exempt employees, the Company was required under the FLSA to pay the Plaintiffs no less than one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a work week. 29 U.S.C. §207(a)(1).

32.

Throughout their employment, Plaintiffs regularly worked hours in excess of forty (40) in a workweek.

33.

Throughout Plaintiffs' employment with Defendants, Defendants suffered or permitted Plaintiffs to work in excess of forty (40) hours in given workweeks.

34.

During their employment with Defendants, Plaintiffs never received one and a half times their regular rate of pay for hours worked over forty (40) in one week.

35.

Plaintiffs were only paid their regular hourly rate of pay ("straight time") for the hours worked beyond forty (40) in a week

36.

For each week in which Plaintiffs exceeded forty (40) hours of work, Defendants provided Plaintiffs two separate paychecks: one written on a Nest Properties check for forty (40) hours at Plaintiffs' regular hourly rates, with appropriate federal payroll withholdings and one on a Deconstructed House check for all hours over forty (40) at Plaintiffs' regular hourly rate, with no withholdings.

37.

On at least three occasions, Mr. Cervantes complained to Gina Ragsdale, company owner, that he and Mrs. Cervantes were not being paid overtime properly for hours they worked in excess of forty (40) in a given work week..

38.

In response to Mr. Cervantes complaints that he and Mrs. Cervantes were improperly paid overtime compensation for hours worked over forty (40), Ms. Ragsdale told him that she would never pay him or Mrs. Cervantes at a rate of one and a half times their regular hour rates for all hours worked in excess of forty (40) in a given work week.

39.

At all times relevant, Defendants willfully and intentionally failed to pay Plaintiffs overtime compensation at a rate of one and a half times their regular rate

of pay for all hours worked in excess of 40 in a given work week,as required by the FLSA.

40.

On or about June 17, 2016, Mr. Cervantes told Ms. Ragsdale that his most recent paycheck and, as well as the checks for Mrs. Cervantes and the two other employees on his team, were short by at least 36 hours and did not contain overtime pay at the rate of one and a half his regular rate of pay.

41.

In retaliation for their protected activity under the FLSA, Defendants terminated both Plaintiffs and two other employees on Mr. Cervantes' team on June 20, 2016, a mere three days after Mr. Cervantes made his final complaint accusing Defendants of FLSA violations.

42.

Defendants have subjected Plaintiffs to other acts of retaliation, including subjecting them to severe, unwarranted verbal humiliation in front of other employees.

43.

Defendants' pay practices violate the provisions of the FLSA, including but not limited to 29 U.S.C. § 207. As a result of Defendants' unlawful practices,

Plaintiffs have suffered lost wages.

44.

As a result of Defendants' unlawful and retaliatory termination of Plaintiffs, Plaintiffs have sustained great injury, including lost wages and fringe benefits, emotional distress, humiliation, and embarrassment.

## COUNT I

### FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

45.

Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

46.

At all times relevant to this action, Defendants failed to comply with the FLSA, in that Defendants suffered Plaintiffs to work in excess of forty (40) hours per week, but Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rate of pay for all hours worked in excess of forty (40) in a workweek.

47.

At all times relevant, Defendants knew that the FLSA applied to Plaintiffs, and knew they had a statutory duty to pay Plaintiffs in the amount of one and half times their regular rates of pay for all hours they worked in excess of forty ("40") in a given workweek.

48.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at their required overtime rate of pay.

49.

Defendants willfully and intentionally violated the provisions of the FLSA, as detailed herein, by failing to pay overtime wage compensation to Plaintiffs in accordance with the FLSA and by masking this violation by paying Plaintiffs with two separate checks and treating Plaintiffs as independent contractors with regard to hours worked over 40 in a workweek.

50.

Defendants' violations of the FLSA were willful and in bad faith.

51.

The above described violations give rise to a claim for relief under the FLSA for unpaid overtime compensation for the three (3) year period immediately preceding the filing of Plaintiffs' Complaint. 29 U.S.C. § 216.

52.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages in an equal amount to unpaid overtime wages, attorneys' fees, and the costs of this litigation.

## COUNT II

### RETALIATION IN VIOLATION OF FLSA,
### 29 U.S.C. § 215(a)(3)

53.

Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

54.

On several occasions throughout his employment with Defendants, including three days before Plaintiffs were terminated, Plaintiff Cervantes complained to Defendants that he, Mrs. Cervantes and others were not being paid time and a half their regular rate of pay for hours worked in excess of forty (40) in a workweek.

55.

In retaliation for Mr. Cervantes complaints regarding Defendants' pay practices, Defendants terminated Plaintiffs and engaged in other retaliatory conduct.

56.

Defendants' retaliatory actions against Plaintiffs in response to Mr. Cervantes' complaints about Defendants' pay practices constitute adverse employment actions under 29 U.S.C. § 215(a)(3).

57.

Defendants' adverse actions caused great damage to Plaintiffs.

58.

Plaintiffs are entitled to recover damages for lost wages, lost fringe benefits and, emotional distress, humiliation, and embarrassment, and punitive damages pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand a TRIAL BY JURY and judgment as follows:

a) That the Court award Plaintiffs unpaid compensation including, without limitation, all unpaid overtime wages for the three years immediately preceding the filing of this Complaint;

b) That the Court award Plaintiffs liquidated damages in an amount equal to Plaintiffs' unpaid overtime wages; ;

c) That the Court award Plaintiffs compensatory damages for Defendants' retaliation against Plaintiffs in violation of the FLSA;

d) That the Court award Plaintiffs punitive damages for Defendants' retaliation against Plaintiffs in violation of the FLSA;

e) That the Court award Plaintiffs reasonable attorneys' and the costs and expenses associated with this action;

f) That Plaintiffs be awarded pre- and post-judgment interest;

- 15 -

g)      That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Dated this 25th day of July, 2016.

/s/Debra Schwartz
Debra Schwartz
Georgia Bar No. 631035
Charlotte J. Redo
Georgia Bar No. 604571

Schwartz Rollins, LLC
945 E. Paces Ferry Road, Suite 2270
Atlanta, Georgia 30326
404-844-4130 (Telephone)
404-844-4135 (Facsimile)
des@GAemploymentlawyers.com
cjr@GAemploymentlawyers.com